UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNIE ALLEN GARNER | CIVIL ACTION |
| VERSUS | NO. 15-2970 |
| JIM ROGERS | SECTION "I" (5) |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Johnnie Allen Garner filed this petition for a writ of *habeas corpus* relief pursuant to Title 28 U.S.C. § 2254.  She challenges her conviction and sentence for manslaughter, entered in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.[1]  Livingston Parish is located within the jurisdictional boundaries of the United States District Court for the Middle District of Louisiana. Title 28 U.S.C. § 98(b).  The petitioner is presently confined in St. Gabriel, Louisiana, in Iberville Parish, also within the boundaries of the United States District Court for the Middle District of Louisiana.  Title 28 U.S.C. § 98(b).

Title 28 U.S.C. § 2241(d) provides for the proper venue in filing a petition for federal *habeas corpus* relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district

---

[1] Petitioner has paid the $5.00 filing fee.

> court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Therefore, in a multi-district state such as Louisiana, the application may be filed either in the district in which the petitioner is incarcerated or in the district in which he was convicted and sentenced. Under § 2241(d), the district court for the district where the application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the application to another district court for hearing and determination. In addition, 28 U.S.C. § 1406 (a) provides that the district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss or, if it be in the interest of justice, transfer the case to any district or division in which it could have been brought.

In this case, proper venue for petitioner's *habeas* petition lies in the Middle District of Louisiana where she is incarcerated and where she was also convicted and sentenced. The district court has broad discretion to either dismiss or transfer the case. *See Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987) (per curiam) (citations omitted). The Court believes that it is in the interest of justice to transfer this case to the Middle District of Louisiana.

Accordingly, **IT IS RECOMMENDED** that Johnnie Garner's *habeas* petition be transferred to the United States District Court for the Middle District of Louisiana. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[2]

New Orleans, Louisiana, this 29th day of _____ July _____, 2015.

                                    MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.